[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Date of Sentence May 27, 1994 Date of Application May 27, 1994 Date Application Filed June 27, 1994 Date of Decision July 25, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR-76838.
Gerald M. Klein, Esq., Defense Counsel, for Petitioner.
Carl Taylor, Esq., Assistant State's Attorney for the State
The petitioner was tried by a jury on a charge of manslaughter in the 1st degree with a firearm, a violation of C.G.S. § 53a-55a. The jury rendered a verdict of guilty and the court imposed a sentence of 20 years.
The file reveals that the incident took place on January 15, 1993 in West Hartford at 30 Lockwood Terrace where there was a complex of garages. An argument developed between the petitioner and the victim over the theft of some automobile parts. Apparently the petitioner thought the victim had been spreading rumors that the petitioner had been the thief. The argument accelerated into a fistfight with the victim retreating into one of the garages, pulling down the garage door behind him. The petitioner fired two shots into the door and spent a half hour yelling for the victim to come out but the victim had been mortally wounded. When the petitioner found out that the victim had died, he turned himself in, confessed to his participation in the incident saying he intended to shoot him, and later entered a guilty plea to the manslaughter charge.
Petitioner's attorney argues that the court imposed the maximum sentence on a man with no prior criminal record. The shooting, counsel says, was done in a fit of rage and the imposition of the maximum sentence is too harsh as to this individual.
The state points out that the original charge was murder and that he entered his plea to the substituted charge in order to avoid the risk of being found guilty of the more serious offense CT Page 9226 with the attendant potentially longer sentence. The attorney for the state asks us to consider the fact that the petitioner will eventually emerge from prison, whereas the victim's family will never see him again.
The petitioner, in speaking on his own behalf, expressed his remorse for the event and said he would willingly give his life for that of the victim. He said he would never again break the law.
When sentence was imposed, the court noted: "When you shoot a gun at another human being, you can expect that death will occur, so that the court believes that it was an intentional murder." The court took into account the petitioner's lack of a criminal record and placed on the record the fact that the petitioner was told the court felt the maximum sentence was appropriate when the plea was entered.
In applying the provisions of Prac. Bk. § 942, we find that the court did not impose a sentence which was either excessive or inappropriate. The net result of the petitioner's actions was that the victim's life was extinguished. The reduced charge limited petitioner's exposure by a considerable degree from the murder charge originally placed against him. Under these circumstances and considering all relevant factors, we are unwilling to reduce the sentence imposed.
Sentence affirmed.
Stanley, J.
Purtill, J.
Norko, J.
Stanley, J. Purtill, J. and Norko, J. participated in this decision.